### MOSES JANNEY *vs.* JAMES R. WIER.

On attachment for rent, on affidavit that the tenant is about to remove, so as to defeat a distress, the court will not quash the attachment for want of sufficient grounds, but will refuse costs.

ATTACHMENT for rent, under `Code`, 428, on affidavit of a landlord, (Janney) that he had rented his farm to Wier for $275 per year, and from the tenant reducing his stock and other acts, the landlord believed he meant to remove his property, so as to defeat a distress for rent.

On motion of *Mr. Patterson*, and affidavit filed denying plaintiff's affidavit, rule on the landlord to show cause why the writ of attachment should not be quashed.

*Mr. Wolfe* objected to the proceeding to quash the attachment, as the *Code* provided a remedy, where the tenant denies the demand of rent, as well as in respect to costs, where there was not sufficient ground for the complaint. (*Code*, 428.) He agreed, however, to examine witnesses, subject, &c.

*Mr. Wolfe* referred to 3 *Harr. Rep.*, 493, *Grubb* vs. *Pyle*; 4 *Ib.*, 382, *Wright* vs. *Hobson*; *Code*, 428; § 52, 56, 58, p. 371, § 14.

*The Court* said there was no provision in the law authorizing a setting aside of the attachment, because the grounds of taking it were not followed up by proof satisfactory to the court, that the tenant was about to remove his goods. But in regard to costs, they had equitable powers; and, as they considered in this case that there was not sufficient ground for the attachment, they directed the landlord to pay the costs.

*Mr. Wolfe* suggested that the bond taken in this case was not to the landlord, for the payment of rent, but to the sheriff for the forthcoming of the goods; and he wanted better security; which the court ordered.

*Patterson,* for plaintiff.

*Wolfe,* for defendant.